IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN DWAYNE OLIVE,<br><br>    Plaintiff,<br><br>  vs.<br><br>KEN WONG, PA III, and SANDRA KELLY, PA I,<br><br>    Defendants. | No. C 09-4141 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket No. 2) |

Plaintiff, a prisoner of the State of California currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 regarding statements made to him by his parole officer which he contends reflect her homophobic attitude. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief. Plaintiff's motion seeking to proceed *in forma pauperis* is GRANTED in another order filed simultaneously (docket no. 2).

**DISCUSSION**

In the complaint, Plaintiff complains that during a Board of Prison Hearings proceeding, Parole Officer Sandra Kelly made certain statements about Plaintiff's sexuality and marital status which Plaintiff contends reflects her disagreement with his sexual preference and her homophobia. Plaintiff seeks injunctive relief.

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which

1  prisoners seek redress from a governmental entity or officer or employee of a
2  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify
3  any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to
4  state a claim upon which relief may be granted, or seek monetary relief from a
5  defendant who is immune from such relief.  *See id.* at 1915A(b)(1),(2).  Pro se
6  pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
7  696, 699 (9th Cir. 1990).

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
9  elements:  (1) that a violation of a right secured by the Constitution or laws of the
10 United States was violated, and (2) that the alleged deprivation was committed by a
11 person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

12 B.  Legal Claim

13      In this case, Plaintiff fails to set forth allegations against the named Defendants
14 that state a claim for relief.  Plaintiff complains that his parole agent commented on his
15 sexual orientation and the fact that he is married to another parolee and that her
16 statements that he is not allowed to have contact with another individual on parole
17 reflect a homophobic attitude toward Plaintiff.  However, the conduct on the part of
18 Defendants set forth here does not constitute a cognizable claim.  Therefore, Plaintiff's
19 claims are DISMISSED for failure to state a claim for relief.

20                              **CONCLUSION**

21      For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the
22 reasons set forth above.  The Clerk shall close the file and enter judgment in this case.

23      IT IS SO ORDERED.

24 DATED: April 16, 2010

25                              JEFFREY S. WHITE
                               United States District Judge
26

27                    UNITED STATES DISTRICT COURT

28

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN D OLIVE, | Case Number: CV09-04141 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| KEN WONG et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Damien Dwayne Olive
T47433
San Quentin State Prison
San Quentin, CA 94974

Dated: April 16, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk